IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SHAWN M. SINGLETON**     **PLAINTIFF**

**v.**     **No. 4:15CV84-DMB-SAA**

**COMMISSIONER MARSHALL L. FISHER, ET AL.**
    **DEFENDANTS**

## REPORT AND RECOMMENDATION

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

### Summary of Allegations

First, Mr. Singleton acknowledged that he has not exhausted the administrative remedies for most of his claims, namely: sexual assault during pat-down searches, unconstitutionally harsh general conditions of confinement, mail tampering, deficient handling of grievances, the taking of property (a fan) without due process of law, and failure to protect him from attack by other inmates. As he has not exhausted these claims, the court will not expound upon them.

Singleton has, however, exhausted his administrative remedies for the following two claims:

---

[1] 28 U.S.C. § 1915(g).

(1) denial of medical care for an infection in his foot, and (2) that there was unconstitutionally deficient available living space for him and his cellmates. Singleton was housed during the times relevant to these claims in Unit 29-F of the Mississippi State Penitentiary.

**Denial of Medical Care for a Foot Infection**

By December 22, 2014, Singleton had put in 6 sick call requests about an infected foot, which had become swollen and exuded pus. During that time, he had visited two doctors; the first was Dr. Madubuonwu, who put Singleton on Keflex (an antibiotic), as well as antibiotic ointment. This treatment provided some relief, but did not cure the problem. When that did not work, after two more sick call requests, Singleton visited Dr. Santos, who, without looking at the infection, prescribed the same course of treatment as Dr. Madubuonwu, and the second round of treatment was not effective. Nurse Angela Brown had also prescribed Singleton a pill used to treat women for yeast infections, but this treatment did not work, either. When Singleton complained to Nurse Brown that he obviously did not have a yeast infection and asked why she prescribed that treatment, she got angry and left the room.

Singleton then sent a photograph of his infected foot to his ex-wife, a cardiologist, who told him that he did suffer from infection by a fungus, but by bacteria – and told him that the infected skin needed to be removed. Singleton removed the infected skin, himself, took more antibiotic pills prescribed to him by Dr. Madubuonwu, and applied antibiotic cream he bought from the prison canteen. This combined regimen worked, and the skin infection cleared up.

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or

delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such as this, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, Mr. Singleton has alleged nothing more than his disagreement with the course of treatment provided. Medical personnel examined and treated him for, alternately, bacterial infection and fungal infection. Though neither treatment proved effective, Singleton has not shown that Drs. Madubuonwu and Santos – or Nurse Brown – intentionally provided treatment with "subjective

recklessness as used in the criminal law," as required to meet the standard of deliberate indifference necessary to sustain a claim for denial of medical care. *See Farmer, supra*. Indeed, Singleton continued the prescribed treatments – while debriding the area and administering over-the-counter topical antibiotic – and the combined treatments finally rid him of the infection. As such, these allegations are without merit and should be dismissed for failure to state a claim upon which relief could be granted.

### Singleton's Unexhausted "Taking of Property" Allegations Also Fail to State a Valid Claim Under Federal Law

Though, as discussed above, the claim regarding the taking of Singleton's fan should be dismissed for failure to exhaust administrative remedies, the allegations also fail to state a claim upon which relief could be granted and should be dismissed for that reason, as well. When Singleton was moved out of Unit 29-F into Unit 29-L, the transport officer did not pack his fan, and he has been unable to get it back. The random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). This rule, the *Paratt/Hudson* doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson*, 486 U.S. at 533, *Daniels*, 474 U.S. at 330-31; *White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011). Thus, the initial question before the court as to the plaintiff's claim regarding the

taking of his property is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, suits against the Mississippi government would be controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"), which became effective on April 1, 1993. As to suits filed by prisoners, the MTCA states:

> (1)  A governmental entity and its employees acting and within the course scope of their employment or duties shall not be liable for any claim:
>
> . . .
>
> (m)  Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m). At first blush, this statute would seem to foreclose any remedies the plaintiff may have under state law. However, the plaintiff's remedy for the taking of property arises directly from the Constitution of the State of Mississippi, which cannot be circumvented through a state statute. *Pickering v. Langston Law Firm, P.A.*, 88 So.3d 1269 (Miss. 2012). The unlawful taking of an inmate's property can violate Article 3, Section 17 of the Constitution of the State of Mississippi. *Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85 So.3d 307 (Miss.App.,2012). Article 3, Section 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The circumstances in *Johnson* are legally indistinguishable from those in the instant case, except in this case it is not even clear whether Singleton's fan was intentionally taken or negligently lost

- 5 -

during the move. The prison officials in *Johnson* confiscated his drinking mug and disposed of it. *Johnson v. King*, 85 So.3d 307, 311-312 (Miss. App. 2012). Johnson had purchased the mug from the canteen with his own money. *Id*. The mug, as purchased, was not considered contraband, and Johnson had not modified the mug in such a way to turn it into contraband. *Id*. The Mississippi Court of Appeals held that, under these circumstances, the taking of Johnson's mug violated the Mississippi Constitution and that prison officials had to either replace the mug or compensate Johnson for its fair value. *Id*. Thus, Singleton has an adequate remedy under state law, and his federal claims for the taking of his property without due process of law should be dismissed.

### *Respondeat Superior*

Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that Governor Phil Bryant had any personal involvement or caused the alleged incident in any way. As such, the undersigned respectfully recommends that this action be dismissed as to defendant Governor Phil Bryant for failure to state a constitutional question.

### Conclusion

In sum, all of the plaintiff's allegations except his claims for denial of medical care and inadequate living area in his cell should be dismissed for failure to exhaust administrative remedies. In addition, his claim regarding denial of adequate medical care regarding his foot infection should be

dismissed for failure to state a claim upon which relief could be granted, as should his claim that his fan was taken without due process of law or just compensation.

In addition, the following defendants should be dismissed from this case: Medical Director Paul Madubuonwu, Nurse Practitioner Angela Brown, Lt. Kenji Terry, and Governor Phil Bryant. Further, the following claims should be dismissed for failure to exhaust administrative remedies: sexual assault, general conditions of confinement, mail tampering, deficient handling of grievances, taking of property without due process of law, and failure to protect the plaintiff from the attack of other inmates. The plaintiff's claims regarding confiscation of his property and denial of adequate medical treatment should also be dismissed for failure to state a claim upon which relief could be granted.

However, Singleton's sole remaining claim – constitutionally inadequate living space within his cell area – should proceed against Commissioner Marshall L. Fisher, Deputy Commissioner Jerry Williams, Superintendent Earnest Lee, Warden Timothy Morris, and Deputy Warden Wendell Banks.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted, this, the 14th day of December, 2015.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE