**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SHAWN M. SINGLETON**                                                                  **PLAINTIFF**

**V.**                                                                      **NO. 4:15-CV-00084-DMB-RP**

**COMMISSIONER MARSHALL L.**
**FISHER, et al.**                                                                    **DEFENDANTS**

**ORDER**

This pro se prisoner civil rights action is before the Court for consideration of the Report and Recommendation of United States Magistrate Judge S. Allan Alexander. Doc. #20. For the reasons below, the Report and Recommendation will be adopted in part and rejected in part.

**I**
**Procedural History**

**A. Complaint and Subsequent Filings**

On June 15, 2015,[1] Shawn M. Singleton filed a complaint in the United States District Court for the Northern District of Mississippi against numerous defendants, claiming sexual assault during pat-down searches, unconstitutionally harsh general conditions of confinement, mail tampering, deficient handling of grievances, deprivation of property without due process of law, failure to protect, denial of medical care, and constitutionally inadequate living space within his cell. Doc. #20 at 1. The complaint was written on a Northern District of Mississippi form titled "Prisoner's Complaint Challenging Conditions of Confinement," which includes the following prompt:

---

[1] Singleton's complaint was received by the Clerk of Court on July 2, 2015, but was approved by prison authorities as legal mail on June 15, 2015, and postmarked on June 30, 2015. A pro se prisoner's 42 U.S.C. § 1983 complaint "should be deemed filed as of the date that he duly submitted it to prison authorities for forwarding to the clerk of court." *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995).

> The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

Doc. #1 at 5. In response to this inquiry, Singleton stated, "copies of all ARP's will be attached to this form if they were exhausted or if they are still in action or not." *Id.*

On August 31, 2015, Singleton filed an exhibit to his complaint which includes a "First Step Response Form" related to a sick visit with "Nurse Practitioner Brown."[2] Doc. #11. Approximately a month later, Singleton filed a statement "in respect to the Prison Litigation Reform Act ... That requires an inmate to exhaust all available administrative remedies ...." Doc. #16 (emphasis omitted). In this filing, Singleton claims:

> I filed all my A.R.P.'s seeking administrative remedy but fact being that only two A.R.P.'s have been exhausted in all most a year and I have received no further responses from any of my A.R.P.'s. that were filed before this suit was filed. I have fulfilled my responsibility in seeking all available administrative remedy through M.D.O.C. Fact being I have been denied Administrative Remedy due the M.D.O.C. and M.S.P.'s failure to comply to policy set forth by the state.

*Id.* at 2.

On November 2, 2015, Singleton filed a document stating, "I would like to amend to file and a statement on the procedural default subject on the procedural default subject on M.D.O.C. administrative officials ...." Doc. #18. Such filing includes a second step response form dated September 29, 2015, and a memorandum of law stating that he "followed all procedural recommendation" but that MDOC officials failed to respond to his grievances. *See id.* at 5.

### B. *Spears* Hearing and Report and Recommendation

On November 9, 2015, Singleton appeared before United States Magistrate Judge S.

---
[2] The document states that "these pages will be pages 14-2 of 148 and 14-3 of 148 of my complaint." Singleton's complaint was not served on any defendant until at the earliest when the report and recommendation was issued over four months later on December 15, 2015.

2

Allan Alexander for a *Spears* hearing.[3] On December 15, 2015, Judge Alexander issued a Report and Recommendation addressing Singleton's claims. Doc. #20. Judge Alexander began by noting:

> Mr. Singleton acknowledged that he has not exhausted the administrative remedies for most of his claims, namely: sexual assault during pat-down searches, unconstitutionally harsh general conditions of confinement, mail tampering, deficient handling of grievances, the taking of property (a fan) without due process of law, and failure to protect him from attack by other inmates. As he has not exhausted these claims, the court will not expound upon them.
>
> Singleton has, however, exhausted his administrative remedies for the following two claims: (1) denial of medical care for an infection in his foot, and (2) that there was unconstitutionally deficient available living space for him and his cellmates.

*Id*. at 1-2. Judge Alexander also noted that Singleton's unexhausted taking of property claim failed because Singleton had an adequate remedy under state law. *Id.* 5-6.

Judge Alexander then recommended that Singleton's denial of medical care claim be dismissed because Singleton had not alleged that any of the defendants acted with deliberate indifference, and that claims brought against Governor Phil Bryant be dismissed because "plaintiff does not allege that [the Governor] had any personal involvement or caused the alleged incident in any way." *Id*. at 6. Finally, Judge Alexander recommended that "Singleton's sole remaining claim – constitutionally inadequate living space within his cell area – should proceed against Commissioner Marshall L. Fisher, Deputy Commissioner Jerry Williams, Superintendent Earnest Lee, Warden Timothy Morris, and Deputy Warden Wendell Banks." *Id*. at 7.

Singleton filed timely objections to the Report and Recommendation. Doc. #22.

---

[3] The Fifth Circuit has held "that a magistrate may conduct an evidentiary hearing, if needed, to flesh out the substance of a prisoner's claims. A *Spears* hearing is in the nature of a motion for more definite statement." *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990) (citing *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)) (internal quotation marks omitted).

# II
# Standard of Review

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the Defendants specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citations omitted).

# III
# Analysis

In his objections, Singleton argues that he sufficiently alleged deliberate indifference regarding his medical treatment and that his other claims should not be dismissed for failure to exhaust.

### A. Denial of Medical Care

The Fifth Circuit Court of Appeals recently summarized its denial of medical care jurisprudence as follows:

> Prisoners are entitled to receive adequate medical care. A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. A prison inmate can demonstrate an Eighth Amendment violation by showing that a prison official refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.
>
> [T]here is both an objective and subjective standard. A prison official acts with deliberate indifference only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it. Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a

> prisoner's disagreement with his medical treatment, absent exceptional circumstances. Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm.

*Rogers v. Boatright*, 709 F.3d 403, 409-10 (5th Cir. 2013) (internal quotation marks, alterations, and citations omitted).

In the Report and Recommendation, Judge Alexander held:

> Mr. Singleton has alleged nothing more than his disagreement with the course of treatment provided. Medical personnel examined and treated him for, alternately, bacterial infection and fungal infection. Though neither treatment proved effective, Singleton has not shown that Drs. Madubuonwu and Santos – or Nurse Brown – intentionally provided treatment with "subjective recklessness as used in the criminal law," as required to meet the standard of deliberate indifference necessary to sustain a claim for denial of medical care. Indeed, Singleton continued the prescribed treatments – while debriding the area and administering over-the-counter topical antibiotic – and the combined treatments finally rid him of the infection. As such, these allegations are without merit and should be dismissed for failure to state a claim upon which relief could be granted.

Doc. #20 at 3-4 (internal citation omitted).

In his objections, Singleton objects to this conclusion on the grounds that "if it was not for his ex-wife paying for the medication to be smuggled in to the prison by an M.D.O.C. officer he would have lost his foot. [The doctor] did not prescrib[e] the antibiotic but the one time that did not work. As for [the nurse,] what she did prescrib[e] did not work and they done nothing else." Doc. #22 at 1.

Even assuming these allegations are true, Singleton has not adequately alleged deliberate indifference. Singleton has alleged that he was prescribed an ineffective antibiotic; however, this allegation standing alone is insufficient to show deliberate indifference. *See Boatright*, 709 F.3d at 409-10 ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference."). Accordingly, this objection is overruled.

## B. Exhaustion

The Prison Litigation Reform Act ("PLRA") contains a mandatory requirement that all available administrative remedies be exhausted before a prisoner can bring a § 1983 lawsuit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "[E]xhaustion is an affirmative defense, rather than a pleading requirement the prisoner must satisfy in his complaint." *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (citation omitted). Because exhaustion is an affirmative defense, "it is error to dismiss a prisoner's complaint for want of exhaustion before a responsive pleading is filed unless the failure to exhaust is clear from the face of the complaint." *Id*. "District courts may not circumvent this rule by considering testimony from a *Spears* hearing or requiring prisoners to affirmatively plead exhaustion through local rules." *Id*.

Here, it appears Judge Alexander, in dismissing Singleton's claims as unexhausted, relied on statements made by Singleton during the *Spears* hearing or on statements elicited by the exhaustion inquiry on Singleton's form complaint. Either reliance would be error. *See Coleman*, 745 F.3d at 763 ("[C]oncluding that Coleman failed to exhaust administrative remedies, the magistrate judge necessarily relied upon the Step 2 grievances [attached to the complaint] or Lively's testimony from the Spears hearing. Either basis constitutes reversible error."). Accordingly, the Court rejects Judge Alexander's recommendation that Singleton's claims be dismissed for failure to exhaust and sustains Singleton's objections in this regard.

## C. Remaining Recommendations

Singleton has not objected to Judge Alexander's recommendations regarding dismissal of

the claims against Bryant or dismissal of the takings claim. The Court has reviewed these recommendations and has found no clear error. Accordingly, such recommendations will be adopted.

## IV
## Conclusion

For the reasons above, Judge Alexander's Report and Recommendation [20] is **ADOPTED in Part and REJECTED in Part**. The Report and Recommendation is REJECTED to the extent it recommends dismissal of Singleton's claims for failure to exhaust. The Report and Recommendation is ADOPTED in all other respects. Accordingly, Singleton's claims against Bryant and his claims based on unconstitutional takings are **DISMISSED**.

**SO ORDERED**, this 12th day of May, 2017.

<u>/s/ Debra M. Brown            .</u>
**UNITED STATES DISTRICT JUDGE**