**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SHAWN M. SINGLETON**                                             **PLAINTIFF**

**V.**                                                                    **NO. 4:15-CV-84-DMB-RP**

**COMMISSIONER MARSHALL L.
FISHER, et al.**                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This pro se prisoner civil rights action is before the Court for consideration of the motion

for summary judgment filed by Wendall Banks, Marshall Fisher, Earnest Lee, Timothy Morris,

and Jerry Williams.  Doc. #42.

**I**
**Procedural History**

On June 15, 2015, Shawn M. Singleton filed a complaint in the United States District

Court for the Northern District of Mississippi against numerous defendants, claiming sexual

assault during pat-down searches, unconstitutionally harsh general conditions of confinement,

mail tampering, deficient handling of grievances, deprivation of property without due process of

law, failure to protect, denial of medical care, and constitutionally inadequate living space within

his cell.  Doc. #1 at 37–39.  On November 9, 2015, Singleton appeared before United States

Magistrate Judge S. Allan Alexander for a *Spears* hearing.[1]

On December 15, 2015, Judge Alexander issued a Report and Recommendation

addressing Singleton's claims.  Doc. #20.  Judge Alexander recommended that Singleton's:  (1)

---

[1] In *Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985), the Fifth Circuit held "that a magistrate may conduct an evidentiary hearing, if needed, to flesh out the substance of a prisoner's claims. A *Spears* hearing is in the nature of a motion for more definite statement."  *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990) (internal quotation marks omitted).

claims for sexual assault, unconstitutionally harsh general conditions of confinement, mail tampering, deficient handling of grievances, and failure to protect, be dismissed for failure to exhaust; (2) claim for unlawful taking be dismissed for failure to exhaust and failure to state a claim; (3) denial of medical care claim be dismissed for failure to state a claim; and (4) the constitutionally inadequate living space claim proceed against Fish Commissioner Marshall L. Fisher, Deputy Commissioner Jerry Williams, Superintendent Earnest Lee, Warden Timothy Morris, and Deputy Warden Wendell Banks. *Id.* at 6–7. Singleton filed timely objections to the Report and Recommendation. Doc. #22.

On December 2, 2016, Banks, Fisher, Lee, Morris, and Williams, filed a motion for summary judgment on the claim for constitutionally inadequate living space. Doc. #42. Singleton responded in opposition, Doc. #46; and the moving defendants did not reply.

On May 12, 2017, this Court entered an order rejecting the Report and Recommendation to the extent it recommended dismissal of Singleton's claims for failure to exhaust, but adopting the Report and Recommendation in all other respects. Doc. #49.

## II
## Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is proper only when the record demonstrates that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Luv N' Care Ltd. v. Groupo Rimar*, 844 F.3d 442, 447 (5th Cir. 2016). "A factual issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party and material if its resolution could affect the outcome of the action." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 226 (5th Cir. 2015) (internal quotation marks omitted). On a motion for summary judgment, a court must "consider the evidence in the light most favorable to the nonmoving party and draw all reasonable

inferences in its favor." *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016).

In seeking summary judgment, "[t]he moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (internal quotation marks and alterations omitted). If the moving party satisfies this burden, "the non-moving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks omitted). "Where the nonmoving party bears the burden of proof at trial, the moving party satisfies this initial burden by demonstrating an absence of evidence to support the nonmoving party's case." *Celtic Marine Corp. v. James C. Justice Cos., Inc.*, 760 F.3d 477, 481 (5th Cir. 2014).

## III
## Analysis

In their motion for summary judgment, the moving defendants seek dismissal of "the only claim that remains in this matter[,] ... Plaintiff's claim regarding overcrowding ...." Doc. #42 at 1 (footnote omitted). The motion notes that it "assumes that the Report and Recommendation [issued by Judge Alexander] will be adopted by the Court." *Id* at 1 n.1.

The Eighth Amendment to the United States Constitution prohibits the imposition of "cruel and unusual punishments." U.S. Const. amend. VIII. "This prohibition, made applicable to the states through the Fourteenth Amendment, does not mandate comfortable prisons, but neither does it permit inhumane ones." *Hinojosa v. Livingston*, 807 F.3d 657, at 664–65 (5th Cir. 2015) (internal quotation marks, citations, and footnote omitted). To constitute a violation of the Eighth Amendment, conditions must "pose a substantial risk of serious harm." *Id.* at 665

(internal alteration omitted). Additionally, the defendant prison officials must have been "deliberately indifferent to the inmate's health or safety. This requires more than an allegation of mere negligence, but less than an allegation of purpose or knowledge." *Id.* (internal citation omitted).

The memorandum accompanying the moving defendants' motion for summary judgment challenges the constitutionality of the conditions – not the existence of deliberate indifference. *See* Doc. #43. The moving defendants also assert that Singleton cannot establish an injury to support monetary damages for his overcrowding claim. *Id.*

In his complaint, Singleton alleges[2] that he and 63 other inmates were housed in a facility "that was made for no more than 32," which only had four showers and four toilets. Doc. #1 at 39. However, Singleton has not indicated how these circumstances "pose a substantial risk of serious harm." Accordingly, when considered in isolation, Singleton's allegations of overcrowding, standing alone,[3] are insufficient to sustain an Eighth Amendment claim. *See Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004) ("Overcrowding of persons in custody is not *per se* unconstitutional."). Therefore, the moving defendants motion for summary judgment [42] is **GRANTED**. Singleton's claim for overcrowding, to the extent it exists independently of his general conditions of confinement claim, is **DISMISSED**.

**SO ORDERED**, this 27th day of September, 2017.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[2] Singleton "declare[d] or certify[ied] or verif[ied] or state[d] under penalty of perjury" that the allegations in his Complaint were "true and correct." Doc. #1 at 49. Accordingly, the allegations in the complaint are competent summary judgment evidence. *See Stewart v. Guzman*, 555 F. App'x 425, 432 (5th Cir. 2014) (considering on summary judgment allegations in prisoner's verified complaint).

[3] The Court expresses no opinion as to whether the overcrowding, in conjunction with Singleton's other allegations regarding confinement, may rise to the level of an Eighth Amendment violation. *See Jones v. Gusman*, 296 F.R.D. 416 (E.D. La. 2013) (discussing when conditions may be considered in combination).