**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SHAWN M. SINGLETON**                                                                                      **PLAINTIFF**

**V.**                                                                                           **NO. 4:15-CV-84-DMB-RP**

**COMMISSIONER MARSHALL L.**
**FISHER, et al.**                                                                                          **DEFENDANTS**

**ORDER**

This civil rights action is before the Court on pro se prisoner Shawn M. Singleton's motion for summary judgment, Doc. #55, and motion for reconsideration, Doc. #66; and Marshall L. Fisher, Jerry Williams, Earnest Lee, Timothy Morris, and Wendell Banks' motion for summary judgment, Doc. #61.

**I**
**Procedural History**

On June 15, 2015, Shawn M. Singleton filed a complaint in this Court against several defendants, alleging sexual assault during pat-down searches, unconstitutionally harsh general conditions of confinement, mail tampering, deficient handling of grievances, deprivation of property without due process of law, failure to protect, denial of medical care, and constitutionally inadequate living space within his cell at the Mississippi State Penitentiary ("MSP"). Doc. #1 at 37–39. On November 9, 2015, United States Magistrate Judge S. Allan Alexander held a *Spears*[1] hearing on Singleton's claims.

On December 15, 2015, Judge Alexander issued a Report and Recommendation recommending that Singleton's (1) claims for sexual assault, unconstitutionally harsh general

---
[1] *Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

conditions of confinement, mail tampering, deficient handling of grievances, and failure to protect be dismissed for failure to exhaust; (2) claim for unlawful taking be dismissed for failure to exhaust and failure to state a claim; (3) claim for denial of medical care be dismissed for failure to state a claim; and (4) claim for inadequate living space proceed against Marshall L. Fisher, Jerry Williams, Earnest Lee, Timothy Morris, and Wendell Banks. Doc. #20 at 6–7. Singleton filed objections to the Report and Recommendation. Doc. #22. Ultimately, this Court rejected the Report and Recommendation to the extent it recommended dismissal of Singleton's claims for failure to exhaust but adopted the Report and Recommendation in all other respects. Doc. #49.

On December 2, 2016, the defendants filed a motion for summary judgment on Singleton's constitutionally inadequate living space claim. Doc. #42. Singleton timely responded in opposition. Doc. #46.

On September 11, 2017, Singleton filed a motion for summary judgment. Doc. #55. The defendants did not respond to Singleton's motion for summary judgment but on September 26, 2017, filed a motion for summary judgment on the remaining claims. Doc. #61. The next day, on September 27, 2017, this Court granted the defendants' December 2 motion for summary judgment and dismissed Singleton's overcrowding claim. Doc. #63. On October 27, 2017, Singleton filed a motion for reconsideration of the September 27 order. Doc. #66. The defendants did not respond to Singleton's motion for reconsideration.

## II
## Summary Judgment Motions

### A. Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is proper only when the record demonstrates that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Luv N' Care, Ltd. v. Groupo Rimar*, 844 F.3d 442, 447

(5th Cir. 2016). "A factual issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and material if its resolution could affect the outcome of the action." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 226 (5th Cir. 2015) (internal quotation marks omitted). On a motion for summary judgment, a court must "consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016).

In seeking summary judgment, "[t]he moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (internal quotation marks and alterations omitted). If the moving party satisfies this burden, "the non-moving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks omitted). "Where the nonmoving party bears the burden of proof at trial, the moving party satisfies this initial burden by demonstrating an absence of evidence to support the nonmoving party's case." *Celtic Marine Corp. v. James C. Justice Cos., Inc.*, 760 F.3d 477, 481 (5th Cir. 2014).

### B. Defendants' Motion for Summary Judgment

#### *1. Prison Litigation Reform Act*

Because Singleton brought this suit as a prisoner, the Prison Litigation Reform Act ("PLRA") governs his claims. Pursuant to the PLRA, a prisoner must exhaust all available administrative remedies before filing a lawsuit. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007). The PLRA's exhaustion requirement is mandatory and "[d]istrict courts have no

discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The Mississippi Department of Corrections ("MDOC"), pursuant to Miss. Code Ann. § 47-5-801, has established a two-step Administrative Remedy Program ("ARP") through which prisoners may seek formal review of their complaints or grievances while incarcerated. *Threadgill v. Moore*, No. 3:10-cv-378, 2011 WL 4388832, at *3 n.6 (S.D. Miss. July 25, 2011). Under the ARP, an inmate must make a "request to the [ARP] in writing within a 30 day period after an incident has occurred." *Inmate Handbook*, Miss. Dep't of Corrs. (June 2016), at ch. VIII(IV)(A).[2] The request is then screened to ensure it meets certain criteria. *Id*. at ch. VIII(V). If the request meets the specified criteria, it will be accepted into the ARP and proceeds to the first step. *Id*.

At the first step of the ARP, a prison official responds to the request using a Form ARP-2. *Id*. On this form, inmates can indicate whether they are dissatisfied with the outcome of the first step by "giv[ing] a reason for their dissatisfaction with the previous response." *Id*. An inmate who timely indicates that he is dissatisfied with the first step of the ARP process proceeds to the second step. *Id*. In the second step, like the first step, a prison official responds to the ARP request. Doc. #1 at 13. If the inmate remains unsatisfied with the result, he may then file a lawsuit. *Id*.

*2. Sexual assault during pat-down searches*

Singleton alleges that he was sexually assaulted by Lieutenant Kenji Terry during pat-down searches at MSP. Singleton submitted a grievance regarding Terry's alleged conduct on January 5, 2015. Doc. #61-2 at 4–5. On January 9, 2015, Singleton was informed that his ARP request

---

[2] Available at: http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf. The Court takes judicial notice of MDOC's Inmate Handbook. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see, e.g., Smith v. Polk Cty., Fla.*, No. 805-cv-884-t-24, 2005 WL 1309910, at *3 (M.D. Fla. May 31, 2005) (judicial notice taken of inmate handbook and grievance procedures stated therein).

was accepted but that his request was "set aside for handling in due course" because he had "previously accepted ARP or ARP's [sic] which is/are presently under review." *Id*. at 2. Singleton was further advised that if he wished to have his request concerning the alleged sexual assault to be handled immediately, he could withdraw all of his pending ARPs. *Id*. Singleton did not withdraw his pending ARPs and received his first step response on November 2, 2015. *Id*. at 6.

As mentioned above, Singleton instituted this suit on June 15, 2015—while his ARP request against Terry was pending. The defendants argue that Singleton's claim must be dismissed for failure to exhaust his available administrative remedies. Singleton argues that he followed all of the procedures to comply with the ARP, that the delay in response to his sexual assault ARP request was in contravention of ARP guidelines, and that if the guidelines had been followed, his ARP request would have been properly exhausted. Doc. #65 at 7–9.

Singleton's ARP request for Terry's alleged sexual misconduct was "backlogged" until his previously-filed ARP requests were considered. The Fifth Circuit has approved the use of "backlogging" multiple administrative requests in correctional facilities. *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015). The Fifth Circuit has also concluded that backlogging does not "abrogate § 1997(e)'s exhaustion requirement." *Id*. Singleton's sexual assault claim must therefore be dismissed for failure to exhaust.[3]

### 3. General conditions of confinement

Singleton alleges that the conditions of confinement at MSP were unconstitutionally harsh. On January 6, 2015, Singleton filed an ARP request concerning the conditions of his cell and

---

[3] Singleton's sexual assault claim also fails on the merits. Singleton fails to allege that any of the defendants were personally involved with the alleged sexual assault. "Section 1983 does not create supervisory or respondeat superior liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Singleton also fails to allege that the defendants have implemented "unconstitutional policies that causally result[ed]" in his injury. *Mouille v. City of Live Oak*, 977 F.2d 925, 929 (5th Cir. 1992). Thus, even had Singleton exhausted his administrative remedies, his sexual assault claim would still be dismissed.

5

housing unit. Doc. #61-3 at 4–5. On January 20, 2015, he was informed that his ARP request was accepted but that it had been "set aside for handling in due course" because he had other previously-filed ARP requests. *Id*. at 2. Because his request was "backlogged," he did not receive his first-step response until January 28, 2016—more than six months after he initiated this case. *Id*. at 6. As discussed above, MSP's process of backlogging multiple administrative requests does not excuse Singleton from having to exhaust his administrative remedies. Because Singleton's claim regarding the general conditions of his confinement was brought while his ARP request was pending, it also will be dismissed for failure to exhaust administrative remedies.

### 4. *Deficient handling of grievances*

Singleton alleges that the ARP grievance procedures at MSP violated MDOC policies by requiring inmates to submit ARP requests in a "black box" which was not bolted down and was vulnerable to tampering by other inmates and MSP staff. On January 28, 2015, Singleton filed an ARP request regarding MSP's grievance procedures. Doc. #61-4 at 6–7. On February 2, 2015, Singleton was informed that his ARP request regarding grievance procedures was accepted but that because of other previously-filed ARP requests, it would be "set aside for handling in due course." *Id*. at 5. On March 30, 2015, while his ARP request concerning the grievance process was in "backlog," Singleton was transferred from MSP to Central Mississippi Correctional Facility ("CMCF"). Officers at MSP never opened the request because "his complaint about MSP [was] a moot issue." *Id*. at 1.

In order to establish exhaustion of administrative remedies, prisoners must show that they carried their grievance through the entire grievance process. *Wilson*, 776 F.3d at 301. A prison official's "failure to timely respond [to a grievance] simply entitles the prisoner to move on to the next step in the [grievance] process." *Id*. "[I]t is only if the prison fails to respond at the *last* step

6

of the grievance process that the prisoner becomes entitled to sue." *Id*.

Singleton fails to show that he has "pursue[d] the grievance remedy to conclusion" because he has taken no further action beyond filing his initial ARP request. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Consequently, Singleton's deficient handling of grievances claim was not properly exhausted.[4]

### 5. *Failure to protect*

Singleton alleges that prison officials at MSP failed to protect him from gang members and other inmates. On February 12, 2015, Singleton filed an ARP request asking to be transferred to another facility.[5] Doc. #61-5 at 1. As mentioned above, Singleton was transferred to CMCF on March 30, 2015. *Id*. Singleton's backlogged ARP request regarding MSP's failure to protect was never opened because his transfer made the issue moot. *Id*. For the same reasons his deficient handling of grievances claims was not properly exhausted, Singleton failed to exhaust administrative remedies on his failure to protect claim and such will be dismissed.

### 6. *Mail tampering*

Singleton alleges that MSP failed to follow MDOC policies concerning confidential legal correspondence. Specifically, Singleton alleges that legal correspondence is not placed in a secure box and all MSP inmates and staff members have access to his legal correspondence and can freely tamper with his confidential documents. Doc. #1 at 22. The defendants contend Singleton's mail tampering claim is without merit because Singleton has not alleged an injury or harm as a result

---

[4] Even had Singleton properly exhausted his improper handling of ARP requests grievance, dismissal of the claim would still result. A violation of MDOC policy does not give rise to a constitutional violation. *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Further, inmates do not have a constitutional right to a grievance procedure unless a liberty interest is implicated. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (liberty interest implicated only when circumstances impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Construed liberally, Singleton fails to allege a liberty interest that would give rise to a constitutional right to a grievance procedure.

[5] MSP was unable to locate a copy of Singleton's original written request. Doc. #61-5 at 1.

7

of the allegedly improper handling of legal correspondence at MSP.

A prison official's interference with mail may violate a prisoner's constitutional access to the courts or interfere with a prisoner's First Amendment right to free speech. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). To prevail on his mail tampering claim, Singleton must show "(1) that the prison officials intentionally confiscated his outgoing mail, and (2) that the confiscation of [his] mail resulted in actual harm." *Chandler v. Thompson*, No. 4:12-cv-42, 2013 WL 6005197, at *5 (N.D. Miss. Nov. 13, 2013). Singleton does not allege that prison officials confiscated his mail—only that it *could* be tampered with. Accordingly, Singleton cannot show that he suffered any actual harm or actual prejudice because of the alleged interference. *Lewis v. Casey*, 518 U.S. 343, 349–52 (1996). Because Singleton has failed to allege any actual harm or prejudice with respect to his legal correspondence claim, it will be dismissed.

### 7. Injunctive relief

To the extent Singleton seeks injunctive relief on any of his claims, his transfer from MSP to CMCF on March 30, 2015, renders injunctive relief moot.[6] *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). However, claims seeking injunctive relief that are "capable of repetition yet evading review" are not moot. In order to establish that his claims seeking injunctive relief are not moot, Singleton "must show either a 'demonstrated probability' or a 'reasonable expectation' that he would be transferred back to [MSP]." *Id*. Singleton has not alleged that it is probable he will be transferred back to MSP and cannot establish that there is a reasonable expectation he will be transferred back to MSP. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) ("relief based on the possibility of transfer back … is too speculative to warrant relief"). Because

---

[6] Singleton's allegations are specific to MSP. *See, e.g.,* Doc. #1 at 39 (alleging inmate assaults without recourse because no officer present in zone towers).

Singleton has not shown that his claims, to the extent they seek injunctive relief, are capable of repetition yet evading review, they will be dismissed.

### C. Singleton's Motion for Summary Judgment

In his motion for summary judgment, Singleton argues that he has "put forth material fact to each aspect of his claim." Doc. #57 at 1. Singleton seeks summary judgment on the same claims as the defendants. For the same reasons stated above for granting the defendants' motion for summary judgment, Singleton's motion for summary judgment will be denied.[7]

## III
## Motion for Reconsideration

On October 27, 2017, Singleton filed a "Statement of Consideration to the Court," which the Court construes as a motion for reconsideration with respect to the order dismissing Singleton's overcrowding claims issued September 27, 2017. Doc. #66.

Federal Rule of Civil Procedure 54(b) provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Because "many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e), … district courts … frequently apply the same standards to the two." *eTool Dev., Inc. v. Nat'l Semiconductor*

---

[7] Singleton appears to misconstrue the standard for summary judgment relief. In his brief in support of his summary judgment motion, Singleton argues that he has "put forth material fact [as] to each aspect of his complaint." Doc. #57 at 1. While nonmovants may defeat a motion for summary judgment by identifying a genuine issue of material fact, a movant may not succeed on a motion for summary judgment by establishing a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] party seeking summary judgment … bears the initial responsibility of … identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file … which it believes demonstrate the absence of a genuine issue of material fact.") (internal quotation marks omitted).

*Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases). Fifth Circuit jurisprudence provides:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal quotation marks, alterations, and citations omitted). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).

Construed liberally, Singleton's motion fails to identify any "manifest errors of law or fact" or to present any "newly discovered evidence" sufficient to warrant altering the September 27 order. Rather, Singleton broadly re-alleges the same facts and arguments he previously offered the Court. Because Singleton has not offered any grounds to warrant altering the Court's September 27 order, his motion for reconsideration will be denied.

## IV
## Conclusion

The defendants' motion for summary judgment [61] is **GRANTED**; and Singleton's motion for summary judgment [55] and motion for reconsideration [66] are **DENIED**.

**SO ORDERED**, this 17th day of April, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**